

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-17-2008

# Cerol v. Temple Univ

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3644

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Cerol v. Temple Univ" (2008). *2008 Decisions.* Paper 92.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/92

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-3644

MARIE-JOSEE CEROL, DR.

v.

TEMPLE UNIVERSITY OF THE COMMONWEALTH
SYSTEM OF HIGHER EDUCATION

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 06-00213)
Honorable Mary A. McLaughlin, District Judge

Submitted under Third Circuit LAR 34.1(a)
December 3, 2008

BEFORE:  AMBRO, and GREENBERG, Circuit Judges,
and RODRIGUEZ, District Judge*

Filed: December 17, 2008

OPINION OF THE COURT

GREENBERG, Circuit Judge.

　　This matter comes on before this Court on an appeal from an order of the District

_____

*The Honorable Joseph H. Rodriguez, Judge of the United States District Court for the
 District of New Jersey, sitting by designation.

Court entered on August 16, 2007, granting summary judgment to defendant Temple University in this action brought against it by plaintiff Marie-Josee Cerol, a French citizen from Guadeloupe, charging that Temple denied her a promotion to full professor in its Department of African-American Studies by reason of national origin discrimination and in retaliation for her earlier having filed a charge against Temple with the EEOC. See Cerol v. Temple Univ., Civ. No. 06-00213, 2007 U.S. Dist. LEXIS 60056 (E.D. Pa. Aug. 16, 2007). Cerol filed the underlying EEOC charge because Temple allegedly denied her merit salary increases because of the place of her national origin.

Cerol brought this action under both Title VII and the Pennsylvania Human Relations Act ("PHRA"), but, as the District Court noted, in this case the same standards and decisional law apply to retaliation claims under both statutes. See Slagle v. County of Clarion, 435 F.3d 262, 265, 265 n.5 (3d Cir. 2006). Inasmuch as Cerol abandoned her national origin claim in the District Court, we are concerned only with her retaliation claim. The District Court had jurisdiction under 28 U.S.C. §§ 1331, 1343, and 1367, and we have jurisdiction under 28 U.S.C. § 1291.

The law governing this appeal is quite clear. We exercise plenary review over the order of the District Court. See Baer v. Chase, 392 F.3d 609, 615 (3d Cir. 2004). Thus, we determine whether when Temple moved for summary judgment, the pleadings, deposition, answers to interrogatories, admissions, and affidavits showed that "there [was] no genuine issue as to any material fact" and it was "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The burden-shifting law with respect to Title VII

2

and the PHRA is equally clear and follows the framework that the Supreme Court established 35 years ago in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802-04, 93 S.Ct. 1817, 1824-25 (1973).  As the District Court said:

> Under this framework, a plaintiff must first establish a prima facie case of retaliation.  If the plaintiff succeeds, the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for its actions.  Should the defendant carry this burden, the plaintiff must convince the factfinder that this explanation was a pretext and that retaliation was the real reason for the adverse employment action.

<u>Cerol</u>, 2007 U.S. Dist. LEXIS 60056, at *21 (internal quotation marks and citation omitted).  The District Court concluded that Cerol had "failed to provide sufficient evidence to establish a prima facie case or permit an inference that [Temple's] explanation for its action was pretextual."  <u>Id</u>.

After our review of this matter, we have concluded that we are in full accord with both the District Court's analysis and the result it reached, and inasmuch as the District Court's opinion includes all of the facts and its reasoning we need not repeat what it said.  We, however, do add two points to its opinion.  First, Cerol could prevail only if a court adopted as the law a theory that once an employee files a discrimination case against an employer, in any subsequent retaliation action predicated on the employer having taken an adverse action against the employee, the complaint creates a jury question surviving the employer's motion for summary judgment no matter what evidence the employer presents supporting its motion.  Certainly that formulation is not the law and courts should not adopt it as such.

Second, Cerol makes the following point:

> by email dated December 1, 2003, Susan Herbst, not the College Promotion Committee, informed Appellant on behalf of the Committee 'her two books written in French will need to be translated, since the Committee cannot read it and therefore cannot evaluate it.'  Herbst knew this request was physically and economically impossible to do within ten days.  Dean Herbst completed her email with the helpful suggestion 'I suggest you withdraw your case until you can provide the above.  Thank you.'  Cerol was being jerked around by Temple and she knew [it].  She refused to withdraw.  She was in a no win 'jump or be pushed' situation and she knew it.  She decided not to make it easy for Temple.

Appellant's br. at 13-14 (footnote and record citations omitted).  In a footnote to the foregoing quotation Cerol set forth the following point:  "With less than ten days to go of consideration of this promotion, [Susan Herbst] demanded that [Cerol] have two of her books, which were authored in French, translated into English."  Id. at 13 n.3.

We do not doubt that Cerol could not obtain the requested translations within ten days.  Nevertheless, it cannot be argued reasonably that it was wrong for Herbst on behalf of the Committee to request them.  Yet Cerol makes the unappealing argument that when Herbst informed her that her books had to be translated to English and suggested that she withdraw her application until she could provide the translations, she, Cerol, was being "jerked around."

Even if we assume that Temple could have made the request for translations sooner, surely Herbst's suggestion that Cerol withdraw her case until she could provide them was reasonable.  After all, Herbst suggested a procedure that preserved Cerol's right to seek a promotion to professor.  In sum, we find that the request for translations, even

4

though part of a larger picture that Cerol presented, cannot be a basis for a retaliation lawsuit against Temple.

For the foregoing reasons and for the reasons the District Court set forth, we will affirm the order of August 16, 2007, granting Temple summary judgment.